# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:99-cr-86 |
| | | (Civil Case No. 3:10-cv-406) |
| Plaintiff, | | |
| | | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Michael J. Newman |
| JACK CLARK, | | |
| Defendant. | : | |

**SUPPLEMENTAL REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S OBJECTIONS (DOC. 1250) BE OVERRULED, AND THE MAGISTRATE JUDGE'S MAY 18, 2012 REPORT AND RECOMMENDATION (DOC. 1245) BE ADOPTED IN ITS ENTIRETY**
\*\*\*
**ORDER DENYING AS MOOT DEFENDANT'S MOTION FOR AN EXTENSION OF TIME (DOC. 1251)**

Now before the Court are Defendant's Objections (doc. 1250) to the Magistrate Judge's Report and Recommendation, dated May 18, 2012, recommending that Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 be denied (doc. 1245).

The procedural history of this matter bears repeating. Defendant was previously granted an additional thirty days in which to file Objections – extending the deadline from June 4, 2012 until July 5, 2012. In the interest of justice, and recognizing that Defendant is incarcerated, the Court afforded him an additional week (actually, an additional eight days) beyond the 30-day period in which to file Objections, if any. When no timely Objections were forthcoming within that 38-day period, the Court deemed the Report and Recommendation unopposed. On July 13, 2012, the Court accordingly adopted the Report and Recommendation, and entered judgment in

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

favor of Plaintiff. *See* docs. 1248, 1249. That same day, the Clerk received and filed the instant Objections. Because the Certificate of Service is dated July 5, 2012 – thereby in compliance with the extended deadline – the Court accepts Defendant's Objections as timely under the prison mailbox rule. *See Thompson v. Chandler*, 36 F. App'x 783, 784-85 (6th Cir. 2002).

Defendant raises three arguments in his Objections - all of which fail on the merits. His first argument misconstrues the Report and Recommendation, and asserts the Magistrate Judge failed to consider his *pro se* memoranda that were filed one year after the expiration of the statute of limitations. Doc. 1250 at PageID 5121-30. Contrary to his assertions, the Magistrate Judge explicitly stated that he carefully reviewed Defendant's *pro se* memoranda, and found they raised the same claims as brought in his original § 2255 motion filed by counsel, only with more factual elaboration. *See* doc. 1245 at PageID 5096 n. 3. Second, Defendant challenges the Magistrate Judge's recommendation that his ineffective assistance of appellate counsel claim be denied. Doc. 1250 at PageID 5130-37. This argument is unavailing because the Court finds that Defendant's attorney effectively represented him on appeal, and additionally, Defendant has failed to show how he was prejudiced by his attorney's alleged errors, as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Finally, Defendant attacks the Magistrate Judge's recommendation that his government intimidation claim be denied. Doc. 1250 at PageID 5137-41. This argument is likewise unpersuasive because Defendant has not shown how the outcome of his trial would have been different had the witnesses – whom he alleges were intimidated by the government – testified. *See United States v. Streebing*, 987 F.2d 368, 371-72 (6th Cir. 1993).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's Objections to the Report and Recommendation (doc. 1250) be **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation dated May 18, 2012 (doc. 1245) be **ADOPTED IN ITS ENTIRETY**; and

3. If Defendant appeals this decision to the Sixth Circuit Court of Appeals, he be **DENIED** a certificate of appealability and leave to proceed *in forma pauperis*.

Finally, because the Court accepted Defendant's Objections as timely under the prison mailbox rule, his subsequently-filed motion for an extension of time (doc. 1251) should be **DENIED AS MOOT**.

July 23, 2012                                                  s/ **Michael J. Newman**
<br>                                                                                United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).