# IN THE UNITED STATES DISTRICT COURT§
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,     :     Case No. 3:99-cr-86
(Civil Case No. 3:10-cv-406)

           Plaintiff,

                                  District Judge Walter H. Rice

      vs.                    :     Magistrate Judge Michael J. Newman

JACK CLARK,

           Defendant.       :

---

# REPORT AND RECOMMENDATION[1]

---

This is a 28 U.S.C. § 2255 case in which, on September 28, 2012, the Court overruled Defendant Jack Clark's motion to vacate or set aside his sentence. Doc. 1259. This matter is now before the Court upon Defendant's two duplicative motions to alter or amend the Court's judgment pursuant to Fed. R. Civ. P. 59(e).[2] Docs. 1261, 1262. Both motions were filed *pro se*. "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). The Court may alter a judgment based on "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citation omitted).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] The two motions -- the first filed on October 29, 2012 and the second filed on November 1, 2012 -- are identical in all respects other than the date, Defendant's signature, and the Certificate of Service. *See* docs. 1261, 1262. The Court deems the motions as timely filed under the prison mailbox rule. *See Thompson v. Chandler*, 36 F. App'x 783, 784-85 (6th Cir. 2002). The Certificate of Service on each motion -- dated October 16, 2012 and October 25, 2012, respectively, *see* doc. 1261 at PageID 5217; doc. 1262 at PageID 5223 -- is within the 28-day deadline to file such a motion. *See* Fed. R. Civ. P. 59(b). Further, given Defendant's *pro se* status, both motions have been liberally construed in his favor. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005).

Defendant here argues that manifest injustice will occur if the Court does not grant either Rule 59(e) motion. *See* docs. 1261, 1262. He claims the Court, in ruling on his § 2255 motion, did not allow him to fully supplement the record after his counsel withdrew, and also failed to consider the *pro se* supplemental filings which he did file. *See id.* To the contrary, however, the Court allowed Defendant to supplement the record and, in fact, granted him an extension of time in which to do so. *See* doc. 1237. The Court also permitted Defendant to file a second supplemental memorandum, even though he failed to request leave of Court before doing so. *See* doc. 1241.

Furthermore, contrary to Defendant's assertions, the Court did consider his supplemental filings in ruling on his § 2255 motion. In the undersigned's Report and Recommendation dated May 18, 2012, the Court explicitly stated: "The Court has carefully reviewed Defendant's *pro se* Supplemental Brief (doc. 1235), as well as his *pro se* Reply (doc. 1239). Defendant essentially maintains the same claims as those brought in his original § 2255 Motion, *albeit* with more factual elaboration. These *pro se* supplemental filings do not change the Court's decision -- that Defendant's § 2255 Motion should be denied." Doc. 1245 at 5096 n.3. The undersigned also noted that several statements and letters attached to Defendant's *pro se* filings (docs. 1235, 1241), all of which the Court carefully considered, did not change the outcome. *See* doc. 1245 at PageID 5108 n.9.

Accordingly, the Court finds that Defendant's arguments in his two Rule 59(e) motions are unavailing. As reasonable jurists would not disagree with this conclusion, and an appeal would not be taken in good faith, the Court further finds that Defendant should be denied a certificate of appealability and leave to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also United States v.*

*Hardin*, 481 F.3d 924, 925-26 (6th Cir. 2007) (finding that a certificate of appealability is required

for a § 2255 *habeas* petitioner to appeal the denial of his Rule 60(b) motion).

**IT IS THEREFORE RECOMMENDED THAT:**

1.    Defendant's motions to alter or amend judgment under Fed. R. Civ. P. 59(e) (docs. 1261, 1262) both be **DENIED**; and

2.    Defendant be **DENIED** a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

December 6, 2012                                         s/ **Michael J. Newman**
                                                        United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).