IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:99-cr-86 |
| v. | : | (Civil Case No. 3:10-cv-406) |
| JACK L. CLARK, | : | DISTRICT JUDGE WALTER H. RICE |
| Defendant. | : | MAGISTRATE JUDGE MICHAEL J. NEWMAN |

DECISION AND ENTRY DENYING DEFENDANT'S *PRO SE* POST-JUDGMENT MOTION FILED ON FEBRUARY 28, 2013 (DOC. #1270)

Pending before the Court is Defendant/Petitioner Jack Clark's Motion Requesting that the Court Rule on Defendant Clark's Timely Filed Pro Se Reply Brief (Doc. #1270). For the reasons set forth below, Defendant's Motion is DENIED.

Defendant's pending motion has its genesis in two Motions to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure (Doc. #1261& Doc. #1262),[1] filed *pro se* after the Court overruled (Doc. #1259) Defendant's Motion to Vacate/Set Aside Sentence under 28 U.S.C. § 2255(a) (Doc. #1187).

---

[1] The two Rule 59(e) Motions are identical in content and differ only in date of filing. *See* Doc. #1261& Doc. #1262.

1

In his Rule 59(e) motion(s), Clark claimed that the Magistrate Judge and the Court failed to consider the contents of a Supplemental Brief (Doc. #1235) that he filed in support of his § 2255 petition, rendering the review "procedurally illegal." Doc. #1261 & Doc. #1262. As the Magistrate Judge noted in his Report and Recommendations, however, the Court allowed Clark to fully supplement the record, gave him extensions for filing, and allowed him to file a second supplemental memorandum. Doc. #1263 at 2.

The Court initially entered a Decision and Entry Adopting the Report and Recommendations, and Denying Defendants' Motions under Rule 59(e). Doc. #1267. However, Clark's Objections to the Report and Recommendations (Doc. #1268) arrived the same day as that entry was filed, so the Court vacated its original Decision and Entry, reviewed Clark's Objections, and then entered a new Decision and Entry overruling the Rule 59(e) Motions (Doc. #1269).

The pending Motion claims that the Court failed to rule on Clark's Reply Brief to the §2255 motion (Doc. #1239) and Supplemental Brief (Doc. #1235). First, the aforementioned briefs themselves do not move the Court, or otherwise provide a basis for ruling independently of the Rule 59(e) Motion that the Court already overruled. Second, the contents of the Reply Brief and the Supplemental Brief have already been reviewed more than once by the Magistrate Judge, and were part of the Court's *de novo* review. They were discussed in Magistrate Judge's Report and Recommendations of the § 2255 petition, *see* Doc. #1245 at 2 n.3,

2

and they were also mentioned in the Magistrate Judge's Report and Recommendations on the Rule 59(e) Motions, see Doc. #1263 at 2.

Third, the Court has again reviewed both the Reply Brief and the Supplemental Brief, and confirms that it agrees with the Magistrate Judge's original Report and Recommendations. Clark claimed ineffective assistance of counsel, arguing that his appellate counsel erred by not challenging the factual determinations that Court made at trial regarding the papers that the FBI illegally seized from his jail cell. Doc. #1187. However, as the Magistrate Judge noted, Clark's attorney wisely presented an argument to the Sixth Circuit that allowed for *de novo* review of the Court's rulings (by characterizing them as based on a mixed question of law and fact), rather than the more deferential standard of review that would otherwise apply. Doc. #1245; Doc. #1239. It would not have helped Clark if his attorney had presented an argument before the Sixth Circuit that required it to apply a more deferential standard of review to the findings made by this Court. Therefore, there was nothing objectively unreasonable about the strategy employed by his appellate counsel.

In addition, Clark believes that his appellate counsel failed to make a particularized assertion of prejudice resulting from his seized papers. Doc. #1187 at 4. However, his attorney pointed out to the Sixth Circuit how the Government used the papers to determine who Clark was going to call as witnesses, and information regarding his defense strategy. See Doc. #1245 at 10. If the Sixth Circuit did not find prejudice, it was not because of his counsel on appeal. Clark

believes that he "had a right to have the Court of Appeals review every one of the 811 pages of work product illegally seized from [his] cell." Doc. #1239 at 9. After reviewing his exhaustive analysis of their contents in his 42 page Supplemental Brief (Doc. #1235), the Court agrees with Clark that the Government acted wrongly in its investigation before trial, and that he suffered a Fourth Amendment violation. However, the Court cannot agree with his contention that the illegal seizure resulted in an unfair criminal trial. There is no reason to believe, based on Clark's analysis of the contents of those papers, that but for the seizure, his trial outcome would have been different.

The Court confirms that it has reviewed Clark's Reply Brief to the §2255 motion (Doc. #1239) and Supplemental Brief (Doc. #1235). However, the aforementioned briefs provide no basis for altering the Court's original decision to overrule Defendant's Motion to Vacate the Sentence (Doc. #1259) or his Motion for Relief under Rule 59(e) (Doc. #1261 & 1262). Accordingly, Defendant's Motion Requesting that the Court Rule on Defendant Clark's Timely Filed Pro Se Reply Brief (Doc. #1270) is DENIED.

Date: March 29, 2013

WALTER H. RICE
UNITED STATES DISTRICT JUDGE